# CASES

IN THE

# SUPREME JUDICIAL COURT,

FOR THE

## COUNTY OF YORK,

APRIL TERM, 1851.

PRESENT:

HON. ETHER SHEPLEY, LL. D., CHIEF JUSTICE.

HON. JOHN S. TENNEY, LL. D.
HON. SAMUEL WELLS, } ASSOCIATE
HON. JOSEPH HOWARD. } JUSTICES.

## MOULTON *versus* POWERS.

Where, by the registered title, the divisional line of lands is described to be at a mark, a given distance from a monument, and the place of the mark is not identified, such given distance *may* be controlled by other evidence as to the locality of the line.

Of the degree or strength of testimony, necessary for the maintenance of an action of trespass *quare clausum*.

TRESPASS *quare*, for cutting trees on the plaintiff's land. The parties owned adjoining lots, and the divisional line was in dispute. The defendant's title was acquired and recorded in 1809, and his side line was described to be at a mark sixty-seven rods from a monument. The plaintiff's land, subsequently acquired by him, was bounded upon the said side

Moulton *v.* Powers.

line.   The mark cannot now be found.   The lands near the border line have never been cultivated.

The plaintiff introduced proofs, (from trees anciently marked, and from his long continued habit of cutting wood and timber on the disputed territory, and from some acquiescences and recognitions on the part of the defendant, and from an ancient surveying and making of the line, by the ancestors of the respective parties,) tending to show that the *locus* was upon his own side of the true boundary.

The defendant insisted that the boundary was to be found at the end of the sixty-seven rods, and requested the Judge so to instruct the jury, but that instruction was refused.

The defendant's counsel also requested the Judge to instruct the jury, that, in order to entitle the plaintiff to a verdict, they must be satisfied, *beyond a reasonable doubt*, of the defendant's guilt.   The Judge declined to give that instruction, but did instruct, that on the question whether the defendant cut *any* trees, without reference to the place of cutting, they must be satisfied that he did cut them; and that, on the question whether the trees, so cut, were on the plaintiff's side of the division line between the lands of the parties, they must believe that the evidence clearly preponderated in his favor.   The verdict was for the plaintiff, and the defendant excepted.

*Appleton* and *Bourne*, for the defendant.

1. The defendant's title was manifested by the *record* only. The plaintiff, by bounding on him, takes the defendant's *record* boundary.

Distances are to govern when the site of the monument is unknown.   Parole evidence is inadmissible to control the record, where the description is plain.   No departure from the description of a deed can be allowed, except to conform to its boundaries.   Ann. Dig. of 1847, page 116; *Pride* v. *Lunt*, 19 Maine, 115; *Machias* v. *Whitney*, 16 Maine, 343; *Heaton* v. *Hodge*, 14 Maine, 66; *Herrick* v. *Hopkins*, 23 Maine, 217; 20 Maine, 205; 25 Maine, 472; 4 Mass. 114; 13 Pick. 150; 13 Wend. 300; 11 N. H. 485 and 520.

Moulton *v.* Powers.

A recorded line, referred to in a subsequent deed, is a monument, binding on the grantee.               .    .  . .

2. Where an act of wrong, an act involving criminality, is charged, and where the verdict must be either guilty or not guilty, the evidence must be sufficient to remove all reasonable doubt. Trespass *quare* is such a case, and the onus is on the plaintiff. The presumption is in favor of the defendant, and a mere preponderance of evidence is not sufficient. Full proof is requisite, and full *proof* is that only, which dislodges all reasonable doubt. .1 Starkie on Ev. 478, 543.

The refusal to give the instruction might lead the jury to think they should find for the plaintiff, *without full proof.*

Where the affirmative of an issue remains doubtful, the jury should find for the party holding the negative. 16 Ohio, 324.

3. Where a certain train of facts is required to make an affirmative, each of those facts must be proved by equal evidence. There is no distinction as to the weight of evidence required to establish a line, and to establish an invasion of it.

A clear preponderance of testimony, does not necessarily differ from a mere preponderance. A jury might be led into error by either expression.

The word preponderance is of unusual occurrence to a jury. Its exact import might not be fully understood. Were they to understand that, if the statement of four witnesses be opposed to that of five witnesses, the latter *must* be believed, because they were a majority in number? If so, there would be error.

The charge prescribed different degrees of evidence upon the two branches of the case. This was uncalled for. Distinctions in the law of evidence should not be unnecessarily multiplied. 1 Greenl. on Ev. sect. 4 ; 11 Metc. 463 ; 5 Metc. :181 ; 1 Metc. 270.

*D. Goodenow,* for the plaintiff.

BY THE COURT, per WELLS, J. — There must be judgment on the verdict.

## PATTEN *versus* LIBBEY.

In a suit to recover for an injury done to the plaintiff's horse, through the un-skillfulness of the defendant, the expenses of doctoring and taking care of it cannot be recovered, *unless declared for as special damage.*

EXCEPTIONS from the District Court.

Case. The defendant, by consent of the plaintiff, attempted some treatment of the plaintiff's horse in order to increase its value. The result was unfavorable, and in consequence of it the horse died.

After the injury, the plaintiff sent for a horse-doctor, and expended time and money, in attempting a cure.

The declaration alleged that the horse was lost by the want of skill and faithfulness on the part of the defendant, and claimed to recover damage therefor.

The Judge instructed the jury upon the question of liability for unskillfulness, and also, that if they found a verdict for the plaintiff the amount to be assessed for him would be the "damage sustained by him in the loss of his horse, and that *they would be authorized to include, in addition, the amount of expenses properly incurred by the plaintiff in sending for a person skilled in disorders of horses, and in the care of the horse after the injury until its death.*" The verdict was for the plaintiff. The defendant excepted.

*J. Shepley,* for the defendant.

The instructions are erroneous, because they authorize the jury to include in their verdict, *special damages,* which are not specified in the plaintiff's declaration. Greenl. Ev. 2d ed. vol. 2, § 254, and notes; Chitty's Pl. 10th Am. Ed. p. 338, and p. 396, and notes; *Furlong* v. *Polleys & al.* 30 Maine, 493.

*Wilkinson* and *Tapley,* for the plaintiff.